UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SUWITO AJUB,

                    Petitioner,                      Case No. 1:26-cv-1977

v.                                                  Honorable Paul L. Maloney

UNKNOWN PARTY et al.,

                    Respondents.

_____/

## OPINION

       Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.**       **Procedural History**

       In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, require Respondents to release Petitioner from custody or, in the alternative, promptly provide Petitioner with a bond hearing before an immigration judge. (Pet., ECF No. 1, PageID.13.)

       In an order entered on July 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on July 8, 2026. (Resp., ECF No. 4.) Petitioner filed his reply on July 12, 2026, (ECF No. 5).

## II.    Relevant Factual Background

Petitioner is a citizen of Indonesia who entered the United States in 2021 pursuant to a B1/B2 non-immigrant visa with authorization to stay until June 15, 2022. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 1-1, PageID.20.) Petitioner remained in the United States and, on May 15, 2025, Petitioner was arrested by ICE agents. (*Id.*; 2025 Form I-213, ECF No. 4-1, PageID.189.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, Notice to Appear (NTA), charging Petitioner with removability under 8 U.S.C. § 1227(a)(1)(B)) of the Immigration and Nationality Act (INA) in that Petitioner "remained in the United States for a time longer than permitted." (NTA, ECF No. 1-5, PageID.20.)

On August 22, 2025, an Immigration Judge with the Detroit Immigration Court denied Petitioner's request for bond in a written order, stating: "Danger to the Community and Flight Risk." (Immigration Judge Order, ECF No. 1-14, PageID.164.) Petitioner filed an appeal of that decision, which remains pending. (Notice of Appeal, ECF No. 1-15, PageID.166.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner claims that his detention has been unreasonably prolonged and that the Immigration Judge incorrectly applied the facts to the discretionary factors to be considered at Petitioner's bond hearing and relied upon an Interpol "Red Notice" concerning Petitioner that has since been deleted. (Pet., ECF No. 1, PageID.8–14.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D.

2

Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination in writing. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. (*See* Pet., ECF No. 1.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Petitioner also does not contend that he has requested a subsequent custody redetermination hearing based upon materially changed circumstances. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the immigration court as applicable. Therefore, Petitioner has not exhausted his administrative

3

remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   July 15, 2026                          /s/ Paul L. Maloney                          
                                                Paul L. Maloney
                                                United States District Judge